Díaz, Petitioner and Appellee, v. Díaz, Opposer and Appellant.

Appeal from the District Court of Aguadilla in a Proceeding for Appointment of Tutor.

No. 1574.—Decided July 9, 1917.

Tutor—Minors—Appointment of Tutor—Preference as to Appointment.— Section 248 of the Civil Code prescribes the order to be followed in the appointment of a tutor of unemancipated minors when such appointment was not made in the will of the father or the mother, and, according to that section, the eldest sister is to be preferred where there are no ascendants and where she has none of the disqualifications named in section 265 of that code.

Id.—Id.—Id.—Removal of Tutor—Notice to Preferred Person.—Section 266 of the Civil Code, concerning the removal of tutors, presupposes an appointment legal in form after due notice to the person preferred and has no application to a case of this kind where the person preferred, the eldest sister of the minors, was never notified; nor does it make any difference that her petition for the revocation of the irregular appointment of the uncle of the minors has in form some of the characteristics of an application for removal.

The facts are stated in the opinion.

*Mr. Juan García Ducós* for the appellant.

*Messrs. Reichard & Reichard* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

In the District Court of Aguadilla, on May 16, 1916, Antonio Díaz Hernández made an application to be named as tutor of three minor children, a nephew and two nieces of the petitioner. The petition also recited that the said three minor children had an older sister, Guadalupe Díaz, aged twenty-two, but that by reason of her being a woman and living in the country and having a very limited education, she did not wish, nor was it possible for her to assume, the tutorship of the three minor children. On this showing and without any formal notice to the said Guadalupe Díaz the District Court of Aguadilla appointed Antonio Díaz Hernández as tutor. On July 5, 1916, the said Guadalupe Díaz made an application to the District Court of Aguadilla wherein she set up, among other things, her desire to be

named as tutor, that she was not notified of the petition of the said Antonio Díaz Hernández, and she asked that the appointment be set aside and she be appointed instead.

There was a trial, proof and judgment, the court refusing to set aside the appointment because the said Guadalupe Díaz had not set up any of the reasons for the removal that are mentioned in section 266 of the Civil Code, and because it was to the interest of the minors that they continue under the tutorship of their uncle.

Section 266 of the Civil Code presupposes an appointment, legal in form, after the notice. It has no application to a case where a person who has a preference in the appointment has never been notified. Nor does it make any difference that the petition of the appellant has in form some of the characteristics of an application to remove made by virtue of said section 266. The petition was very clear in setting up the lack of notice and asking that the appointment be set aside.

We are inclined to agree with the court below that the proof shows that the interests of the minors would be best conserved by the continuance of Antonio Díaz Hernández as tutor, but although Guadalupe Díaz had some overtures with Antonio Díaz, we are satisfied that she neither directly nor indirectly waived her right to be appointed.

Under section 248 of the Civil Code the order of nomination is prescribed and the eldest sister is to be preferred where there are no ascendants and where she has none of the disqualifications contained in section 265 of that code. The law is conclusive.

In any event, if there was any objection to the sister it should have been formally made. She was entitled to be heard in the first place. While objections may still be made to her appointment under section 265, the appointment of Antonio Díaz Hernández must be set aside as unduly made, especially in the absence of a notice to appellant.

The order appealed from must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.